## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 09-20027-01-KHV |
| DAVID L. RICHARDS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the Court on David L. Richard's Motion For Review Of Detention Order (Doc. #12) filed March 10, 2009. On March 31, 2009, the Court held a hearing on the motion. For reasons stated below, the Court finds that defendant should be detained pending trial.

### Procedural Background

On February 6, 2009, a criminal complaint charged Richards with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924 (a)(2). See Criminal Complaint (Doc. #1). After a detention hearing, Magistrate Judge James P. O'Hara ordered that Richards be detained pending trial. See Doc. #8.[1]

### Standard Of Review

Defendant may seek review of a magistrate judge's detention order. See 18 U.S.C. § 3145(b). The district court reviews that order *de novo*. See United States v. Cisneros, 328 F.3d 610, 616 n.1 (10th Cir. 2003); United States v. Lutz, 207 F. Supp.2d 1247, 1251 (D. Kan. 2002). The district court must make its own *de novo* determination of the facts and legal conclusions with

---

[1] On February 25, 2009, a federal grand jury returned an indictment charging defendant with violation of 18 U.S.C. §§ 922(g)(1) and 924 (a)(2). See Doc. #9.

no deference to the magistrate judge's findings. See Lutz, 207 F. Supp.2d at 1251.  A *de novo* evidentiary hearing, however, is not required.  See id.  The district court may either "start from scratch" and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted.  United States v. Torres, 929 F.2d 291, 292 (7th Cir. 1991).  The Federal Rules of Evidence do not apply to detention hearings.  See 18 U.S.C. § 3142(f); Fed. R. Evid. 1101(d)(3).  The Court may allow the parties to present information by proffer or it may insist on direct testimony.  See 18 U.S.C. § 3142(f).

## Standards For Detention

Under the Bail Reform Act of 1984, the Court must order an accused's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).  In making this determination, the Court must take into account the available information concerning –

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including –
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The government must prove risk of flight by a preponderance of the evidence. The government must prove dangerousness to any other person or the community by clear and convincing evidence. See 18 U.S.C. § 3142(f).

## Analysis

Based on the parties' request, the Court incorporates the Pretrial Services Report and the record of the proceedings conducted by the magistrate judge.

The government proffered the following evidence concerning the current charge against defendant. On February 5, 2009, officers stopped Richards and arrested him on an outstanding warrant. Defendant had two cell phones and $587 cash in his possession.[2] Officers searched the vehicle (a 2008 Dodge Charger) and found a Glock pistol. Defendant admitted that he knowingly possessed the gun and that he is a felon.

The government also proffered substantial evidence concerning the charge that defendant sold drugs on September 25, 2003 – as noted in the Pretrial Services Report. Specifically, the government proffered evidence that from June to September of 2003, defendant sold crack cocaine to an undercover agent on nine separate occasions, including several sales of more than 50 grams. Defendant made some of the sales from a recording studio which he currently operates. After officers arrested defendant, he cooperated in an on-going investigation and because of his assistance, officials did not prosecute him for the nine drug sales.

A. Nature And Circumstances Of The Offense

---

[2] At the hearings before the magistrate judge and this Court, the government proffered evidence that Richards possessed $2,000 when officers arrested him. On April 1, 2009, however, the parties filed a joint submission which states that Richards possessed $587 when officers arrested him. See Doc. #17.

The grand jury charged Richards with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924 (a)(2).  The offense is considered a crime of violence and involves a firearm.  This factor favors detention.

B.   Weight Of The Evidence

As noted, the government proffered very strong evidence that defendant committed the charged offense on February 5, 2009.  Defendant did not contest the evidence which the government proffered.  The weight of the evidence favors detention.

C.   History And Characteristics Of Defendant

Richards is 36 years old.  He has strong family ties to Kansas City, Kansas, where he has lived for over 30 years.  He is married and lives with his wife, Ferlisha Richards, two children and two stepchildren.  Defendant's father, mother and step-father live in Kansas City, Kansas.  He has two brothers who live in the area.

Defendant was born in Cleveland, Ohio and has never traveled outside the United States. He does not have a passport.

Defendant does not have a stable employment history.  From September of 2007 until September of 2008, defendant worked at Imprint Solutions in Lenexa, Kansas.  He has been unemployed since then. He has owned a recording studio in Kansas City, Kansas since 2003, but reports no income from it.[3]  The co-owner of the building which houses the recording studio is a known drug dealer.  Defendant's wife works as a nurse at KU Medical Center.

Richards has an extensive criminal history.  In 1989, at age 17, he was charged with first

---

[3]   Ferlisha reports that she and defendant are trying to open a clothing store at the recording studio.

degree murder and conspiracy to commit first degree murder. Defendant pled guilty to involuntary manslaughter and conspiracy to commit involuntary manslaughter. He was sentenced to two to six years in prison. On August 4, 1992, he began supervised conditional release. On February 20, 1993, he pled guilty to felon in possession of a firearm in state court and was sentenced to one to two years in prison. Twice while serving this sentence he was released on conditions and then placed back in custody for violating conditions of release. On February 20, 1996, he was again placed on supervised release. On February 3, 1997, defendant was charged in state court with possessing opiates and obstructing the legal process. He pled guilty to possession of opiates and was sentenced to 24 months. He was released on parole on September 3, 1999.

Since his release from prison in September of 1999, defendant has been charged in state courts in Kansas and Missouri for various crimes including possession of opiates, failure to appear, prostitution, criminal use of weapons and speeding. Further, as noted above, on September 25, 2003, Kansas City, Kansas police arrested defendant on charges of distributing drugs based on nine separate controlled buys between June and September of 2003. The government agreed not to prosecute defendant in exchange for his cooperation.

Defendant's strong family ties to Kansas City, Kansas suggest that he is not a flight risk. Defendant's history of violating conditions of supervised release, however, raises doubt whether he would follow conditions of pretrial release.

> D.    Danger To The Community

Before releasing defendant on any set of conditions, the Court must be satisfied that defendant will not pose a danger to any other person or to the community. See 18 U.S.C. § 3142(b). Here, the government has shown by clear and convincing evidence that defendant would pose a risk

of physical danger to the community. As noted, when officers arrested Richards on February 5, 2009, he possessed a pistol, $587 cash, two cell phones and a late-model car. Based on this evidence, in light of defendant's criminal history and economic circumstances, the Court concludes that defendant very likely continues to deal drugs. See, e.g., United States v. Rogers, 556 F.3d 1130, 1135 (10th Cir. 2009) (multiple cell phones consistent with common practice of drug dealers); United States v. Morales, 232 Fed. Appx. 800, 804 (10th Cir. 2007) (possession of firearms and large amount of cash "tools of the trade" of drug trafficking); United States v. Singer, 943 F.2d 758, 762 (7th Cir. 1991) (strong relationship between firearm possession and drug trafficking). Defendant's propensity to carry a weapon despite his convicted felon status, combined with the high risk that defendant will commit additional crimes involving drugs, is sufficient to detain defendant. See United States v. Pina-Aboite, 97 Fed. Appx. 832, 836 (10th Cir. 2004) (risk that defendant will continue to engage in drug trafficking constitutes danger to community).

    E.    Conclusion

Based upon the evidence proffered at the hearing, the Court concludes that no set of conditions of release will ensure the safety of the community. The government has carried its burden of proving that pretrial detention of Richards is warranted.

**IT IS THEREFORE ORDERED** that David L. Richard's Motion For Review Of Detention Order (Doc. #12) filed March 10, 2009 be and hereby is **OVERRULED**.

Defendant David L. Richards shall remain detained pending trial.

Dated this 8th day of April, 2009 at Kansas City, Kansas.

                                                    s/ Kathryn H. Vratil
                                                    KATHRYN H. VRATIL
                                                    United States District Judge